**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, | No. 15-16438 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-01218-LJO-DLB |
| v. | |
| JEFFREY BEARD; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 20, 2016**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Anthony Tyrone Campbell, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process violations arising out of a disciplinary hearing and placement in

administrative segregation.   We have jurisdiction under 28 U.S.C. § 1291.   We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Campbell's due process claims because Campbell failed to allege facts sufficient to show that he was denied any procedural protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (setting forth due process requirements for placement in administrative segregation), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To the extent that Campbell seeks to challenge the results of his prison disciplinary hearing, the district court properly dismissed Campbell's claims because, notwithstanding Campbell's acquittal in a related criminal case, he has not demonstrated that the results of the disciplinary hearing, including the loss of good-time credits, have been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a "claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed,"

including the deprivation of good-time credits, "is not cognizable under § 1983");

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence . . .

the complaint must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated").   Because the district court

did not specify whether the dismissal of Campbell's claims was with or without

prejudice, we treat the dismissal as being without prejudice.   *See Trimble v. City*

*of Santa Rosa*, 49 F.3d 585, 585 (9th Cir. 1995) (per curiam) (dismissals under

*Heck* are without prejudice).

Campbell's motion for appointment of counsel, filed on January 4, 2016, is

denied.

**AFFIRMED.**